# ROBERT J. ROY
## v.
## ALFRED GOINGS.

1. VOID CHATTEL MORTGAGE—AFTER-ACQUIRED PROPERTY.—Where a mortgage is void as to after-acquired property, it cannot be made effectual except by some new act of the mortgagor. *Semble*, if the mortgagee obtained possession through the act or assent of the mortgagor, before the rights of others had intervened, his title would have been perfect, and perhaps so if he had taken possession for causes allowed by the terms of the mortgage.

2. LAW AND EQUITY.— In proceedings at law the court can deal only with the legal rights of the parties.

APPEAL from the Circuit Court of Pulaski county; the Hon. DAVID J. BAKER, Judge, presiding. Opinion filed April 2, 1880.

This was an action of trover by appellee against appellant, to recover for the unauthorized seizure of a crop of corn, tobacco and top fodder, by virtue of a chattel mortgage given by appellee to appellant. The mortgage covered some live stock and a wagon (which were subsequently released), and " all the crops to be grown in the year 1878 on mortgagee's part of the old Barlow farm." The only question is as to the effect of the mortgage on crops to be raised in the future. In the circuit court there was a verdict and judgment for appellee, the mortgagor.

Mr. SAMUEL P. WHEELER, for appellant; contended that under a clause permitting the mortgagee to take possession of the

property if he should at any time feel insecure, the mortgagee is the sole judge of the exigency which would control his action, and cited Fox v. Kitton, 19 Ill. 519; Baily v. Godfrey, 54 Ill. 507; Lewis v. D'Arcy, 71 Ill. 648.

A chattel mortgage of crops to be grown is not valid as against third parties until possession is taken by the mortgagee: Hunt v. Bullock, 23 Ill. 325; Gregg v. Sanford, 24 Ill. 17; Titus v. Mabee, 25 Ill. 257; McCaffrey v. Woodin, 65 N. Y. 459; Apperson v. Moore, 30 Ark. 56; Low v. Pew, 108 Mass. 347; Hutchinson v. Ford, 9 Bush, 318; Comstocks v. Scales, 7 Wis. 159; Cudworth v. Scott, 41 N. H. 456; Milliman v. Nahn, 20 Barb. 38; Bank of Lansinburg v. Crary, 1 Barb. 542; Otis v. Sill, 8 Barb. 102.

Mortgages of property not *in esse*, create a lien in equity which attaches upon the property coming into existence, and may be enforced by the mortgagor taking possession: Mitchell v. Winslow, 2 Story, 644; Pennock v. Coe, 23 How. 117; Butt v. Ellett, 19 Wall. 544; Williams v. Briggs, 11 R. I. 476.

Messrs. MULKEY & LEEK, for appellee; as to the right of a mortgagee to judge of the time when he will act under an insecurity clause in the mortgage, cited Furlong v. Cox, 77 Ill. 293; Davenport v. Ledger, 80 Ill. 574.

Crops to be grown may be made the subject of mortgage: Jones on Mortgages, § 150; Broom's Legal Maxims, 375; Herman on Chattel Mortgages, § 44; Arques v. Wasson, 51 Cal. 620; Wyatt v. Watkins, 16 Alb. Law Jour. 205; Grantham v. Hawley, Hob. 132; Van Hoozer v. Cory, 34 Barb. 12; Conderman v. Smith, 41 Barb. 404; McCarthy v. Blevins, 5 Yerg. 195; Andrew v. Newcomb, 32 N. Y. 417; McCaffrey v. Woodin, 65 N. Y. 459; Petch v. Tutin, 15 M. & W. 110; Sillers v. Lester, 48 Miss. 513; Everman v. Robb, 52 Miss. 653; Robinson v. Ezzel, 72 N. C. 231.

At law a mortgage on property not *in esse*, is a nullity, for the reason that there is nothing to convey: Bellows v. Wells, 36 Vt. 599; Butt v. Ellett, 19 Wall. 544; Low v. Pew, 108 Mass. 347; Herrman on Chattel Mortgages, § 46; Wright v. Bircher, 6 Cent. Law Jour. 197; Chynoweth v. Tenny, 10 Wis. 397.

Roy v. Goings.

Where the subject-matter of the contract does not exist, the contract may be avoided by either party: 5 Wait's Actions and Defenses, 530; Strickland v. Turner, 7. Exch. 208; Hastie v. Conturier, 9 Exch. 102; Franklin v. Long, 7 Gill. & J. 407; Noys v. Jenkins, 55 Geo. 586.

A sale of goods which the vendor does not own, passes no title to the vendee: Ryan v. Lewis, Ry. & Mood. 386; Head v. Goodwin, 37 Me. 187; Stanton v. Small, 3 Sandf. 230; Black v. Webb, 20 Ohio, 304; Jones v. Richardson, 10 Met. 481; Oakins v. Lockwood, 16 Con. 376.

PER CURIAM. We think the mortgage was void as to the after-acquired property, and before it could be made effectual some new act of the mortgagor or his assent to some act by another was necessary. Had the mortgagee obtained possession through the act or assent of the mortgagor before the rights of third persons had intervened, his title would have been perfect as against the world, and perhaps the same consequence would have followed if he had taken possession for causes allowed by the terms of the mortgage. There was no such act or assent of the mortgagor; nor can we say on the whole case that there were such facts as would have justified the taking possession under the terms of the mortgage. In a court of equity it would perhaps be held that the mortgage would be effectual to charge the property when acquired with an equitable lien as against the mortgagor (and as some cases maintain against creditors with notice), but this proceeding is at law and must deal only with the legal rights of the parties. See Williams v. Briggs, 11 R. I. 476; Pennock v. Coe, 23 Howard, 117; Hunt v. Bullock, 23 Ill. 324; Titus v. Mabee, 25 Ill. 257; Head v. Goodwin, 37 Me. 187; Jones v. Richardson, 10 Met. 481.

The judgment is affirmed.

BAKER, P. J., took no part in the case.